# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-40044
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 13, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

MARCOS GARCIA,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:15-CR-647-1

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Marcos Garcia challenges the sufficiency of the evidence supporting his jury-trial convictions of conspiring to possess with the intent to distribute and possessing more than five kilograms of cocaine. Because Garcia preserved his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40044

challenge by seeking a judgment of acquittal after close of the evidence, we review *de novo*. *See United States v. Alaniz*, 726 F.3d 586, 600 (5th Cir. 2013).

Garcia contends that the government failed to establish that he knowingly possessed the cocaine. Guilty knowledge is a required element of both the substantive offense of possession with the intent to distribute a controlled substance and the related conspiracy offense. *See United States v. Patino-Prado*, 533 F.3d 304, 309 (5th Cir. 2008); *United States v. Sneed*, 63 F.3d 381, 385 (5th Cir. 1995). "As a general rule, a jury may infer that a defendant has knowledge of drugs in a vehicle when the defendant exercises control over the vehicle." *United States v. Gonzalez-Rodriguez*, 621 F.3d 354, 360 (5th Cir. 2010). But where, as here, drugs are hidden in a secret compartment, we require additional circumstantial evidence that is suspicious in nature and demonstrates guilty knowledge, such as, among other things, the high value of the concealed narcotics, obvious or remarkable alterations to the vehicle, and nervous behavior. *United States v. Vasquez*, 677 F.3d 685, 694-95 (5th Cir. 2012). "No single piece of circumstantial evidence need be conclusive when considered in isolation; the question, rather, is whether the evidence, when considered as a whole, provides a substantial basis for the jury to find that the defendant's possession was knowing." *United States v. Miller*, 146 F.3d 274, 281 (5th Cir. 1998).

The circumstantial evidence, when taken as whole, establishes that Garcia knowingly possessed the cocaine in the secret compartment. First, the more than 37 kilograms of concealed cocaine, estimated to be worth $800,000 to $1,000,000, likely would not have been entrusted to a person who was not part of the drug-trafficking scheme. *See United States v. Villareal*, 324 F.3d 319, 324 (5th Cir. 2003); *United States v. Ramos-Rodriguez*, 809 F.3d 817, 824 (5th Cir.), *cert. denied*, 136 S. Ct. 2040 (2016). Second, the trailer was remarkably

altered to conceal the cocaine in a highly sophisticated hidden compartment. *See Vasquez*, 677 F.3d at 695; *United States v. Delgado-Guerrero*, 53 F.3d 1280, 1995 WL 295846, at *3 (5th Cir. 1995) (unpublished) (holding that, even though the hidden compartment was not obvious, the jury was free to use common sense and infer that the vehicle was designed for drug trafficking and that the defendant would not have such a vehicle unless he intended to use it in the drug-trafficking conspiracy).

The approximate six-hour gap between Garcia's departure in the tractor-trailer from the produce warehouse and the arrival of the tractor-trailer at the checkpoint only 82 miles away was evidence of guilty knowledge. *See Gonzalez-Rodriguez*, 621 F.3d at 361 (holding that jury could infer that nine-hour gap between the time defendant left warehouse with produce and arrived at checkpoint one-and-a-half hours away was suspicious and provided opportunity for loading drugs into trailer while it was in defendant's control). Garcia suggests that the cocaine could have been loaded without his knowledge at the produce warehouse or at his family's farm, when he apparently turned over possession of the tractor-trailer to unidentified individuals. The evidence, however, need not exclude every rational hypothesis of innocence, and a jury is free to choose among reasonable constructions of the evidence. *See Alaniz*, 726 F.3d at 601. The jury could reasonably have inferred that the six-hour gap was indicative of Garcia's guilty knowledge that a significant amount of time would be necessary to install the sophisticated secret compartment or to complete the one-to-two-hour loading process.

Garcia's nervous behavior and risky hiring of an unlicensed and unskilled driver to operate his valuable tractor-trailer when it was loaded with aliens and drugs, particularly in light of Garcia's willingness later to drive a tractor-trailer loaded only with aliens, is suggestive of his guilty knowledge.

No. 16-40044

*See Vasquez*, 677 F.3d at 694–95.  In sum, viewing the evidence in the light most favorable to the government and considering the circumstantial evidence, a reasonable jury could have found beyond a reasonable doubt that Garcia knowingly possessed cocaine hidden in the trailer's secret compartment.  *See Alaniz*, 726 F.3d at 600–01.  There is sufficient evidence to establish the guilty knowledge element of the substantive and conspiracy offenses.  *See Patino-Prado*, 533 F.3d at 309; *Sneed*, 63 F.3d at 385.

Garcia contends that the evidence was insufficient to support his conspiracy conviction because there was no showing that he agreed with others to possess and transport cocaine.  The government was required to prove that there was an agreement between two or more persons to possess with the intent to distribute a controlled substance.  *Patino-Prado*, 533 F.3d at 309–10.  For purposes of a conspiracy, "[t]he agreement to violate the law does not have to be explicit or formal; a tacit agreement is sufficient."  *United States v. Chon*, 713 F.3d 812, 818 (5th Cir. 2013) (internal quotation marks and citation omitted).  "The existence of an agreement to violate the law may be established solely by circumstantial evidence and may be inferred from a concert of action."  *Id. at* 818–19 (internal quotation marks and citation omitted).

Trial testimony established the necessary involvement of multiple actors in a large-scale drug trafficking enterprise like the one in this case, as well as a concert of action between Garcia and the unknown individuals to whom he apparently gave custody of the tractor-trailer for a lengthy period right before it was driven to the checkpoint.  Viewing the evidence in the light most favorable to the government, a reasonable jury could have determined beyond a reasonable doubt that Garcia at least tacitly agreed with others to participate in a drug trafficking conspiracy.  *See Alaniz*, 726 F.3d at 600–01.

The judgment is AFFIRMED.